IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PATRICIA COBURN,

      Plaintiff,

vs.                                     No. 08-2055-STA-dkv

CARGILL, INC.,

      Defendant.

ORDER PARTIALLY GRANTING AND PARTIALLY DENYING
DEFENDANT CARGILL, INC.'S MOTIONS TO DISMISS
(DOCKET ENTRIES 10 & 12)

On January 14, 2008, Plaintiff and eight other individuals filed a joint pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981. (Docket Entry ("D.E.") 1). United States District Judge J. Daniel Breen issued an order on January 29, 2008 that, inter alia, severed the actions and directed the Clerk to open a new civil action for each plaintiff. (D.E. 2 at 2.) On March 20, 2008, Judge Breen directed Plaintiff to amend her complaint as follows:

> Plaintiff Coburn has provided a copy of her charge of discrimination and notice of right to sue as exhibits to her motion to proceed in forma pauperis. However, the complaint before the Court is deficient. Because Plaintiff filed a joint complaint, the allegations are conclusory. Plaintiff's allegations do not describe with specificity her particular claims and the adverse employment action taken against her. Plaintiff is hereby ORDERED to amend her complaint within twenty (20) days of the entry of this order. Plaintiff must attach a copy of her charge[s] of discrimination and notice[s] of right to sue as exhibits

> to her amended complaint.[1] Plaintiff must also amend her complaint to allege her specific claims and each adverse action taken against her. Each claim for relief shall be stated in a separate count that (i) sets forth the factual basis for the claim; and (ii) identifies the statute under which the claim arises. The amendment must be typed or hand-printed and Plaintiff must personally sign the amendment.
>
> A failure to timely comply with any requirement of this order will result in the dismissal of the complaint in its entirety. Plaintiff must also keep this Court informed of her current address. If Plaintiff fails to inform the Court of a change of address, she will not be excused for failing to comply with the Court's orders and deadlines because an order was delayed or not delivered.

(D.E. 4 at 3-4.) On April 8, 2008, Plaintiff filed an amended complaint and attached a charge of discrimination and notice of right to sue for a claim of race discrimination. (D.E. 5.) On April 21, 2008, the Court entered an order dismissing Defendants Martin Crowder, Tim Campbell, Joe Sparks, and Amanda Jordan and to issue process for Cargill on Plaintiff's Title VII claims. (D.E. 6.) On May 21, 2008, the case was reassigned to the undersigned judge.

The Court construes Plaintiff's amended complaint to contain a claim of race discrimination and a claim of retaliation. On May 27, 2008, Cargill filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. 10.) On May 29, 2008, Cargill again filed its motion to dismiss[2]. (D.E. 12.) On July 25, 2008, Plaintiff responded to the motion to dismiss. (D.E. 13.)

When considering a motion to dismiss, the Court must "treat all of the well-pleaded allegations of the complaint as true." Miree v.

---

[1] The charge and notice of right to sue should not have been filed as exhibits to the motion to proceed in forma pauperis.

[2] The second filing of the motion to dismiss was due to a problem with the CM-ECF filing of exhibits to the motion. (See D.E. 11.)

DeKalb County, 433 U.S. 25, 27 n.1 (1977). See also Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). The Court must construe all the allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). It must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The traditional standard for assessing a Rule 12(b)(6) motion is as follows:

> "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." [Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2002). We must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." Trzebuckowski v. City of Cleveland, 319 F.3d 853, 855 (6th Cir. 2003) (reviewing dismissal under Federal Rule of Civil Procedure 12(b)(6)). Further, we hold pleadings filed by a pro se litigant "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 . . . (1972), and may not uphold the dismissal of such a pleading "simply because [we] find[] the plaintiff's allegations unlikely." Denton v. Hernandez, 504 U.S. 25, 33 . . . (1992).

Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (alterations in original); see also League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) ("The court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their

3

allegations that would entitle them to relief."). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." League of United Latin Am. Citizens, 500 F.3d at 527.

Shortly after the Sixth Circuit's decision in Thomas, the Supreme Court issued two opinions that appear to reach different conclusions about the amount of factual detail required in a complaint. In Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), an antitrust case, the Supreme Court addressed the pleading standard for assessing a claim under § 1 of the Sherman Act:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . , a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (citations and footnote omitted); see also id. at 1965 n.3 ("While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in detail the facts upon which he bases his claim' . . ., Rule 8(a)(2) still

requires a 'showing,' rather than a blanket assertion, of entitlement to relief.") (emphasis omitted).[3]

Two weeks later, in Erickson v. Pardus, 127 S. Ct. 2197 (2007) (per curiam), the Supreme Court vacated the dismissal of a lawsuit brought by a prisoner who alleged that he had received inadequate medical treatment. The Supreme Court emphasized the liberal pleading standard of Fed. R. Civ. P. 8(a)(2), id. at 2200, and the Plaintiff's pro se status, id.

The Sixth Circuit has stated that "[w]e read the Twombly and Erickson decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim." Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295-96 (6th Cir. 2008). In a footnote, the Sixth Circuit explained:

> We have previously "noted some uncertainty concerning the scope of" Twombly. Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 337 n.4 (6th Cir. 2007). In particular, we have taken note of the Second Circuit's interpretation of Twombly as enacting a "plausibility standard [which] did not significantly alter notice pleading or impose heightened requirements for all federal claims[, and] [i]nstead, . . . require[d] more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." Weisbarth v. Geauga Park Dist., 499 F.3d 538, 542 (6th Cir. 2007) (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)).

Id. at 296 n.1 (alterations in original); see also United States v. Ford Motor Co., 532 F.3d 496, 503 n.6 (6th Cir. 2008) ("In Erickson v. Pardus . . . , the Supreme Court clarified Twombly by holding that

---

[3] The Supreme Court disavowed the "no set of facts" language from Conley v. Gibson that the Sixth Circuit cited with approval in Thomas. See 127 S. Ct. at 1968-69.

5

a prisoner bringing a § 1983 claim against his captor is not required to state '[s]pecific facts' in their [sic] complaint . . . , and Twombly itself suggests that its holding may be limited to cases likely to produce 'sprawling, costly, and hugely time-consuming' litigation.") (citation omitted). Further, Rule 8(a) does not require a plaintiff to plead her employment discrimination claims with particularity, Swierkiewicz v. Sorema, S.A., 534 U.S. 506 (2002), although the factual allegations in the complaint must be sufficiently clear to permit the Court and the defendants to ascertain the nature of the claims that are asserted.

I. Race Discrimination

Cargill asserts that Plaintiff's claim of race discrimination should be dismissed for failure to allege a prima facie case of race discrimination. (D.E. 12-2 at 10.) Particularly, Cargill contends that Plaintiff has not alleged an adverse employment action because she has not alleged a **change** in the terms and conditions of her employment. (Id.)

Plaintiff attached and incorporated her Equal Employment Opportunity Commission ("EEOC") charge alleging race discrimination against Cargill to her amended complaint. In support of her race discrimination claim, Plaintiff alleged:

> In September 2006, an inspection was conducted. During the inspection asbestos was discovered throughout the common work areas. The Blacks and other minority employees were unaware of the presence of asbestos as they were routinely assigned to the contaminated areas. Management never informed the employees assigned to the contaminated work areas of the presence of asbestos.
>
> Respondent and its Board members knowingly and willfully placed their employees in a hazardous work environment filled with asbestos which is also life threatening. The

6

> company knowingly and willfully hires Blacks to work
> locations and perform work duties in the asbestos filled
> areas. No White workers have been placed in the hazardous
> areas where the asbestos has been disturbed. This is one
> of the largest companies in the United States of its kind.

(D.E. 5 at 11.)

Cargill fails to note one important difference between the instant case and Tepper v. Potter, 505 F.3d 508 (6th Cir. 2007), and Wills v. Pennyrile Rural Elec. Coop. Corp., 259 F. App'x 780 (6th Cir. 2008), the cases on which it relies. Both Tepper and Wills were decided at the summary judgment stage. Cargill's assertion that Plaintiff has not established a prima facie case ignores the United States Supreme Court's ruling in Swierkiewicz.

> This Court has never indicated that the requirements for
> establishing a prima facie case under McDonnell Douglas
> also apply to the pleading standard that plaintiffs must
> satisfy in order to survive a motion to dismiss. For
> instance, we have rejected the argument that a Title VII
> complaint requires greater "particularity," because this
> would "too narrowly constric[t] the role of the pleadings."

534 U.S. at 511. Swierkiewicz establishes that "an employment discrimination plaintiff is not required to plead a prima facie case of discrimination because the *McDonnell Douglas* framework is an evidentiary standard, not a pleading standard". Jackson v. Crosset Co., 33 F. App'x 761, 762 (6th Cir. 2002); Swierkiewicz, 534 U.S. at 510. A plaintiff need only plead a short and plain statement of the claim showing that she is entitled to relief. 33 F. App'x at 762.

Under Title VII, it is "an unlawful employment practice ... to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Plaintiff has clearly alleged that she and

7

other black employees were discriminated against by being assigned to work in an area where they were exposed to asbestos and that no white employees were assigned to that area. Therefore, considering the facts taken in the light most favorable to Plaintiff, Plaintiff has met her pleading requirement for her race discrimination claim.

Cargill also contends that Plaintiff's race discrimination claim is barred by the applicable statute of limitations because Plaintiff's original assignment to the grain elevator was in 1999. (D.E. 12-2 at 11.) Plaintiff Coburn alleges that the Union Steward, Vincent Mickens, was "made aware of the asbestos issue sometime in October 2006." (D.E. 5 at 4.)

A plaintiff's action accrues when she discovers that she has been injured, not when she determines that the injury was unlawful. Amini v. Oberlin College, 259 F.3d 493, 499-500 (6th Cir. 2001), citing Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 267 (7th Cir. 1995)[4]. Though it is unclear what the exact date is when Plaintiff learned that she may have been exposed to asbestos, she has alleged facts that tend to state that, applying a discovery rule, her EEOC complaint was timely. There was a determination that there was asbestos in the area where Plaintiff worked based on an inspection in September 2006. (Id.) A safety meeting was held regarding asbestos on January 12, 2007. (D.E. 5 at 6.) Plaintiff's EEOC complaint was filed on January 27, 2007, within less than 300 days of discovery of exposure to asbestos. (D.E. 5 at 11.) Plaintiff has

---

[4] The United States Supreme Court has "previously declined to address whether Title VII suits are amenable to a discovery rule." Vaughn v. Louisville Water Co., 2008 WL 4997487 , *5 (6th Cir. Nov. 24, 2008), quoting Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 127 S. Ct. 2162, 2177 n. 10 (2007).

8

made a sufficient showing that the race discrimination claim should not be dismissed. <u>Leadbetter v. Gilley</u>, 385 F.3d 683, 691 ( 6th Cir. 2004).

II. Retaliation Claim - Exhaustion of Administrative Remedies

Plaintiff does not allege that she filed any charge of discrimination alleging retaliation with either the EEOC or the Tennessee Human Rights Commission ("THRC"). The allegations of Plaintiff's amended complaint refer to a single charge of discrimination. The single charge attached as an exhibit to the amended complaint demonstrates that Plaintiff raised and exhausted a single claim of race discrimination in the administrative proceedings. (D.E. 5 at 11.) Plaintiff was provided an opportunity to amend her complaint to provide additional allegations, dates, and fact, as well as attached supporting exhibits.

Exhaustion of administrative remedies is a prerequisite to the filing of an employment discrimination case. <u>See generally</u> <u>Zipes v. Trans World Airlines</u>, 455 U.S. 385, 393 (1982); <u>Parsons v. Yellow Freight Systems, Inc.</u>, 741 F.2d 871 (6th Cir. 1984). To exhaust administrative remedies, the employee must file a charge of discrimination with either the EEOC or the THRC. Therefore, taking the facts as alleged in the amended complaint and response to the motion to dismiss in the light most favorable to Plaintiff, the claim of retaliation is unexhausted and cannot survive Defendant's motion

to dismiss.  Defendant's motion to dismiss Plaintiff's claim of retaliation is GRANTED.[5]

For the foregoing reasons, Defendant's motion to dismiss (D.E. 10, 12) is GRANTED in PART and DENIED in PART.  Defendant's motion is GRANTED to the extent that it seeks dismissal of Plaintiff's claim for retaliation.  Defendant's motion is DENIED to the extent that it seeks dismissal of Plaintiff's claim for race discrimination.

IT IS SO ORDERED this 26th day of March, 2009.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[5] Any claim of retaliation under the Tennessee Occupational Safety and Health Act ("TOSHA") is barred because TOSHA does not recognize a private right of action. Tenn. Code Ann. §§ 50-3-106, 50-3-409(a).